**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOSEPH DEBIASI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:22-cv-294 (MTT)** |
| | ) | |
| **CARDINAL PIZZA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

Plaintiff Joseph Debiasi has moved for default judgment against defendant
Cardinal Pizza, LLC. Doc. 19. For the following reasons, that motion (Doc. 19) is
**DENIED**.

## I. BACKGROUND

The allegations of the complaint, deemed admitted because of Cardinal Pizza's
default, establish these facts. From July 2020 to December of 2020, Cardinal Pizza
employed Debiasi as a delivery driver at one of its Domino's franchises in Georgia.
Doc. 1 ¶¶ 11, 15. Debiasi worked a "dual job" for Cardinal Pizza—he delivered food
and worked "inside the store completing nontipped duties." *Id*. ¶ 23. Cardinal Pizza
paid Debiasi by the hour and took "advantage of the 'tip credit' provision of the" Fair
Labor Standards Act ("FLSA"), paying Debiasi "less than minimum wage per hour" when
he was working as a delivery driver. *Id*. ¶¶ 15, 25. When working inside the store,
Cardinal Pizza paid Debiasi "a rate at or close to minimum wage per hour" and he was
not tipped. *Id*. ¶ 24.

Cardinal Pizza required Debiasi "to maintain and pay for [an] operable, safe, and legally compliant automobile[] to use in delivering [its] pizza and other food items." *Id*. ¶ 27.  As a result, Debiasi "purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of" Cardinal Pizza.  *Id*. ¶ 29.  Cardinal Pizza did not maintain records of Debiasi's expenses and thus did not reimburse Debiasi "for [his] actual expenses."  *Id*. ¶¶ 30-31.  Rather, Cardinal Pizza reimbursed Debiasi "at a flat rate per delivery at $1.50 per delivery, unless two deliveries were made during the same trip in which case [Cardinal Pizza] reimburse[d] [Debiasi] at a flat rate per delivery at $2.00 per delivery." *Id*. ¶ 34.

On August 10, 2022, Debiasi filed suit against Cardinal Pizza alleging that its vehicle-related reimbursement practices resulted in "kickbacks" in violation of FLSA's minimum wage requirements.  *Id*. ¶¶ 41, 57-64.  Cardinal Pizza entered the case on November 11, 2022.  Docs. 10; 11.  On December 5, 2022, its counsel withdrew from representation and Cardinal Pizza had until January 6, 2023 to answer or otherwise respond to Debiasi's complaint.  Docs. 12; 13.  No responsive pleading was filed. Accordingly, default was entered against Cardinal Pizza.  Doc. 16.  On February 21, 2023, Debiasi moved for default judgment.  Doc. 19.  Cardinal Pizza has yet to appear in the case again.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is

shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already in the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings[.]").

After the Clerk's entry of default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment.  The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law.  *Id*.  "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law.  In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages."  *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).  The defendant is also not deemed to admit the plaintiff's allegations relating to the amount of damages*.  Patray v. Nw. Publ'g, Inc.*, 931 F. Supp.

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters.").

### III. JURISDICTION

To enter a valid default judgment, the Court must, of course, have both subject matter and personal jurisdiction. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."). Because Debiasi alleges Cardinal Pizza violated FLSA, the Court has subject matter jurisdiction over Debiasi's claims based on federal question jurisdiction. 28 U.S.C. § 1331.

Moreover, the allegations sufficiently allege that the Court has personal jurisdiction over Cardinal Pizza. Personal jurisdiction can be either general or specific. General jurisdiction exists where a nonresident defendant's connections with the forum state are "continuous and systematic" so as to render the nonresident defendant "at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quotation and citation omitted). Specific jurisdiction, on the other hand, must arise out of the events or transactions underlying the claim that forms the basis of the lawsuit. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). In other words, for specific jurisdiction to be proper, "the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Diamond*

*Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010) (citations omitted).

Here, Debiasi adequately alleged both general and specific jurisdiction over Cardinal Pizza. As for general jurisdiction, Debiasi alleged Cardinal Pizza "conducts business within the State of Georgia," this business is "continuous and systematic" as Cardinal Pizza "owns and operates Domino's franchises in Georgia," and its registered agent is located in Georgia. Doc. 1 ¶¶ 5, 10-11. As for specific jurisdiction, Debiasi alleged "[a] substantial part of the acts complained of … were committed in and had their principal effect against" him in Georgia. *Id*. ¶ 7. Specifically, Debiasi alleges he was employed by Cardinal Pizza in Georgia, he made deliveries for Cardinal Pizza in Georgia, he was paid by Cardinal Pizza in Georgia, and he suffered damages as a result of Cardinal Pizza's conduct in Georgia. *Id*. ¶¶ 15, 24, 34, 44. In sum, the Court has both subject matter and personal jurisdiction over this matter.[2]

## IV. DISCUSSION

Debiasi has failed to demonstrate that Cardinal Pizza violated FLSA's minimum wage requirements.[3]

Under FLSA, "[e]very employer shall pay to each of its employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the" rate of $7.25 an hour. 28 U.S.C. § 206(a)(1). Because

---

[2] The Court notes that Debiasi failed to state which location of Cardinal Pizza's Georgia franchises he worked.

[3] Because Debiasi's complaint likely does not plausibly allege a willful violation, his claim to recover unpaid wages from July 1, 2020 through August 9, 2020 may be barred by FLSA's statute of limitations. 29 U.S.C. § 255(a); *Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013); *see also* 5 C.F.R. § 551.104.

Cardinal Pizza, at all relevant times, had and "has at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and who regularly used instrumentalities of interstate commerce in carry out their job duties," it is subject to FLSA's minimum wage requirements.  Doc. 1 ¶ 13.

FLSA allows employers to pay "tipped employees"—"any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips"—a wage less than the minimum wage, "provided that the tips the employee receives at least make up for the difference between what the employer pays and the minimum wage."  29 U.S.C. § 203(m)(2)(A); *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1172 (11th Cir. 2021).  Cardinal Pizza took advantage of this "tip credit" provision and paid Debiasi "less than minimum wage per hour for all hours worked outside of the restaurant making deliveries."  Doc. 19-1 at 4.  Based on Debiasi's damages table, his wage was $7.25 an hour while he worked as a delivery driver.  Doc. 19-3 at 1.

The federal regulations implementing FLSA prohibit "kickbacks" to employees. 29 C.F.R. § 531.35.[4]  That is, minimum wage must be paid "free and clear"—employers cannot be said to comply with minimum wage requirements "where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."  *Id*.  Therefore, "[e]mployers must provide workers' weekly wages in cash or in facilities, free and clear of improper deductions, at a rate no lower than the minimum wage rate."  *Arriage v. Fla.*

---

[4] This regulation is entitled to controlling weight.  *Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972) (The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)); *see also Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984).

*Pacific Farms, LLC*, 305 F.3d 1228, 1235 (11th Cir. 2002) (internal quotation marks and citations omitted).  "This rule prohibits any arrangement that tends to shift part of the employer's business expense to the employees to the extent that it reduces an employee's wage below the statutory minimum."  *Ramos-Barrientos v. Bland*, 661 F.3d 587, 594 (11th Cir. 2011) (cleaned up).

Here, the alleged "kickbacks" to Debiasi were his payments for vehicle use in delivering for Cardinal Pizza.  Docs. 19-1; 21; 19-3.  To the extent these kickbacks drove his pay under $7.25 an hour, Cardinal Pizza violated FLSA.

Debiasi asserts Cardinal Pizza violated FLSA and is liable to him for damages based on its failure to reimburse him for mileage based on the Internal Revenue Service ("IRS") standard business mileage rate.[5]  Doc. 21 at 8.  In lieu of an original argument, apparently because he "cannot do better," Debiasi copied and pasted an excerpt from a Western District of Michigan district court order.  *Id*. at 9-10 (citing *Parker v. Battle Creek Pizza, Inc.*, 600 F. Supp. 3d 809, 814 (W.D. Mich. Apr. 28, 2022).  As explained in that case, the Department of Labor's ("DOL") Field Operations Handbook provides two options for employers to use in the reimbursement of delivery driver expenses: either reimburse the driver's actual expenses or reimburse the driver at the IRS standard business mileage rate.  *Id*.  That court adopted these two options and held that employers must "either (1) keep records of delivery drivers' actual expenses and

---

[5] Debiasi does not explain what the IRS standard business mileage rate is.  However, the IRS's website is instructive.  According to its website, the IRS standard business mileage rate is an "*optional* standard mileage rate[] used to calculate the deductible costs of operating an automobile for business, charitable, medical or moving purposes."  IRS, *IRS issues standard mileage rates for 2023; business use increases 3 cents per mile*, https://www.irs.gov/newsroom/irs-issues-standard-mileage-rates-for-2023-business-use-increases-3-cents-per-mile (Dec. 29, 2022) (emphasis added).

reimburse for them, or (2) reimburse drivers at the IRS standard business mileage rate."
*Id*.

It is unclear why Debiasi rests his entire liability argument on a Michigan district court case.  He cites no binding authority to support his position that Cardinal Pizza's failure to use the IRS standard business mileage constitutes a FLSA violation.  And the Court finds none.  Indeed, the Eleventh Circuit has held that the DOL's Field Operations Handbook is merely persuasive, and district courts are not required to defer to it. *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1255 (11th Cir. 2001) (citing *Chevron U.S.A., 467 U.S. 837*).  It therefore follows that the mere fact that Cardinal Pizza failed to use the IRS standard business mileage rate, rather than its $1.50 to $2.00 per delivery rate, cannot establish liability.

In any event, to determine whether Cardinal Pizza's reimbursements violated FLSA's minimum wage requirements, the Court must determine whether the difference between Debiasi's hourly wage, $7.25, and the mileage expenses "kicked back" to him resulted in his pay falling under minimum wage.

The Court finds that Debiasi has failed to show a violation.  Although he provides a reasonable estimate of the amount Cardinal Pizza reimbursed him for mileage (an average of $82.14 a week based on a $1.50 to $2.00 reimbursement per delivery), it is unclear what Debiasi's actual mileage expenses were.  Doc. 19-3 at 1.  The only amounts Debiasi provides are (1) the amount Cardinal Pizza paid him, and (2) the amount he was allegedly due based on the IRS standard business mileage rate.  *Id*. But neither of these amounts establish the expenses allegedly "kicked back" to him. Without more, Debiasi cannot show that Cardinal Pizza paid him less than minimum

wage.  Thus, the Court cannot conclude that "the unchallenged facts constitute a legitimate cause of action."  *Rammage*, 2007 WL 2276847, at *1.

## V. CONCLUSION

For the above reasons, Debiasi's motion for default judgment (Doc. 19) is

**DENIED**.[6]

**SO ORDERED**, this 16th day of June, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] The Court notes that in his original motion, Debiasi did not explain how or why Cardinal Pizza violated FLSA.  Doc. 19.  Instead, he dedicated his entire brief to arguments regarding damages.  *Id*.  As a result, the Court provided Debiasi's counsel with a second chance to demonstrate Cardinal Pizza's liability.  Doc. 20.  Even with this supplemental briefing, he failed to do so.  Moreover, in each of his briefs, he repeatedly cites nonbinding authority.  Docs. 19-1 at 6-9 (citing Sixth and Seventh Circuit, and Arkansas, Kansas, Missouri, and Texas district court case law); 21 at 3-14 (citing Second, Third, Eighth, and Tenth Circuit, and Arkansas, Colorado, D.C., Michigan, Missouri, Nebraska, New York, Ohio, Texas, and Wisconsin district court case law.).  The Court reminds Debiasi's counsel that this case is in the Middle District of Georgia, which is in the Eleventh Circuit.