## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| JOSEPH DEBIASI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action File No: 5:22-cv-294-MTT |
| CARDINAL PIZZA, LLC, | ) ) ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF
## RENEWED MOTION FOR DEFAULT JUDGMENT

### I.      INTRODUCTION

Plaintiff Joseph DeBiasi ("Plaintiff") is entitled by operation of law to a judgment by default against Defendant Cardinal Pizza, LLC ("Defendant"), as a result of Defendants' failure to file any responsive pleading herein within the time allowed by the Rules. As fully set forth below, Plaintiff has alleged facts which establish a basis for the claims relating to violations of the minimum and overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Also, as more fully set forth herein below, Plaintiff has established that he is entitled to damages in the amount of $16,658.57 which includes damages for uncompensated hours worked, unpaid minimum and overtime wages, an equal amount in liquidated

Page 1 of 17
Joseph DeBiasi, et al. v. Cardinal Pizza, LLC
U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT
Brief in Support of Renewed Motion for Default Judgment

damages. Plaintiff is also entitled to an award of costs of $833.90 and attorney's fees of $5,713.94.

## II.    PROCEDURAL BACKGROUND

On August 10, 2022, Plaintiff filed the current lawsuit. ECF No. 1. Plaintiff served Defendant September 16, 2022, as demonstrated by the Proof of Service filed herein. ECF No. 9.

Pursuant to Rule 12(a), Defendant Cardinal Pizza, LLC, was required to file and serve its Answer to Plaintiff's Complaint by no later than January 6, 2023. Defendant failed to timely serve any responsive pleading whatsoever. On January 31, 2023, the Court entered Default against Defendants (ECF No. 00). On February 21, Plaintiff filed his Motion for Default Judgment (ECF No. 19). On June 16, the Court entered an Order (ECF No. 22) denying Plaintiff's Motion without prejudice because it was unable to determine Plaintiff's actual mileage expenses and therefore Plaintiff had failed to demonstrate that his effective hourly rate fell below the statutory minimum in any workweek. Order, p. 8.

Accordingly, Plaintiff files this Renewed Motion for Default Judgment pursuant to Rule 55(b)(2), providing additional evidence regarding his actual mileage and requesting that this Court enter default judgment against Defendant as set forth below.

**Page 2 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

### III.   DEFAULT JUDGMENT STANDARD

Pursuant to Rule 55, following the entry of a party's default by the Clerk, the Court may enter a default judgment against the defaulting party upon application by the non-defaulting party. Fed. R. Civ. P. 55. When entering a default judgment, the defaulted defendant has essentially "admit[ed] [to] the movant's well-pleaded allegations of fact." *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1339 (11th Cir. 2014)(citing to *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005)). Where the claim is for an indefinite or uncertain amount of damages, facts relating to the amount of damages must be proved in a supplemental hearing or proceedings. *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1455, (11th Cir. 1985)(citing *United States v. Corp. Freeman*, 605 F.2d 854, 857 (5th Cir.1979)).

### IV.   BRIEF FACTUAL BACKGROUND

As noted above, on motion for default judgment, the factual allegations contained in Plaintiff's Complaint must be taken as true. Plaintiff Joseph DeBiasi ("DeBiasi") is a resident of Putnam County, Georgia, and was during the relevant time period. Compl. ¶ 8 ECF No. 1. Defendant Cardinal Pizza, LLC, ("Cardinal Pizza") is a domestic limited liability company that owns and operates Domino's franchises in Georgia *Id*. at ¶ 12.

**Page 3 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

Cardinal Pizza, LLC is a business subject to the FLSA because it has at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and who regularly used instrumentalities of interstate commerce in carrying out their job duties. *Id*. at ¶¶ 12-13.

Defendants employed DeBiasi as an hourly-paid Delivery Driver approximately from July of 2020 until December of 2020.[1] *Id.* at ¶ 15. Defendant determined the number of hours worked by Plaintiff, the manner in which Plaintiff performed his job duties, and his schedule. *Id*. at ¶ 17. Throughout his employment, Plaintiff worked "dual jobs" delivering food to Defendant's customers for which he received tips and working inside the store completing nontipped duties. *Id*. at ¶ 23.

Defendant paid Plaintiff a rate at or close to minimum wage per hour for work performed while in the store but paid less than minimum wage per hour for all hours worked outside of the restaurant making deliveries. *Id.* ¶24-25. Defendant takes advantage of the "tip credit" provision of the FLSA pursuant to 29 U.S.C. § 203(m) while Plaintiff and other Delivery Drivers are out making deliveries. *Id.* Defendant

---

[1] Without ruling on the matter, the Court noted that Plaintiff's Complaint "likely does not plausibly allege a willful violation" and therefore at least one month's worth of damages "may be barred by the FLSA's statute of limitations." Order, p. 5. The Complaint alleges that Defendant paid Plaintiff less than minimum wage pursuant to the tip credit provisions of the FLSA (¶ 25), knew Plaintiff was driving up to 10 miles per delivery (¶ 42–43), but neither tracked nor kept records of Plaintiff's vehicle expenses (¶ 30), and did not reimburse Plaintiff his actual expenses, at the IRS standard rate, or a reasonable approximation of his actual expenses (¶ 31–33), and therefore should have known that Plaintiff effective hourly rate was falling below minimum wage (¶ 45–46). Without the benefit of discovery, this is a sufficient showing of willfulness such that Plaintiff is entitled to a three-year statutory period. *See Rice v. Island Home & Props., LLC*, No. 8:21-cv-1835-VMC-TGW, 2021 U.S. Dist. LEXIS 195988, at *6-7 (M.D. Fla. Oct. 12, 2021). Regardless, Plaintiff has established that Defendant was aware that his mileage reimbursement was insufficient to pull his effective hourly rate above minimum wage. *See* Decl. of Joseph DeBiasi ¶ 13 ("Decl. DeBiasi"), attached as Ex. 1.

Page 4 of 17
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

also requires Plaintiff and other Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's food items and does not reimburse for their actual expenses. *Id.* ¶¶ 24-25, 27, 31. Defendants also reimburse Plaintiff and other Delivery Drivers at a flat rate of $1.50 per delivery instead of the IRS standard business mileage rate. *Id.* ¶¶ 32-34. Defendants willfully violated the provisions of 29 U.S.C. §§ 206 and 207 by failing to pay Plaintiff one and one-half times their regular rate for all hours worked over forty in a week and paying an hourly rate that fell below the federal minimum wage. *Id*. at ¶¶ 36, 46.

## V.   ARGUMENT

### A. Plaintiff has established that Defendants violated the minimum wage and overtime provisions of the FLSA and he is entitled to damages.

Plaintiff has established that Defendant violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and he is entitled to damages for all back wages and/or unpaid overtime compensation. Specifically, Defendant did not pay Plaintiff a regular rate sufficient to meet the federal minimum wage requirement. Because Defendant violated the regular rate and overtime provisions of the FLSA, Plaintiff is entitled to damages for all unpaid back wages and unpaid overtime compensation.

1. Plaintiff's declaration sufficiently proves his damages.

**Page 5 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

"An employee who brings suit under [29 U.S.C. 216(b)] of the [FLSA] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). However, based on the purposes of the FLSA, the employee's burden of proof is relaxed where the employer has failed to keep accurate records containing the information required under the FLSA. *Id.* at 687–88. Plaintiff is entitled to damages for all unpaid compensation within the statute of limitations. Plaintiff has submitted a sworn declaration regarding his uncompensated time that is in line with the allegations made in the Complaint.

     i.  *Plaintiff's use of the IRS mileage rate to calculate damages is appropriate.*

Pursuant to the Court's Order, ECF No. 22, Plaintiff's modified declaration provides the basis for his claims regarding actual vehicle expenses. Plaintiff's calculations are based on his own personal recollection of his hours worked and miles driven multiplied by the standard IRS mileage rate to put a dollar amount on the wear and tear put on his vehicle.

As stated above, the burden of keeping accurate employment records is on the employer rather than the employee. *Mt. Clemens Pottery Co.,* 328 U.S. at 686–88. Thus, it is Defendant's burden to keep records of Plaintiff's actual mileage driven.

**Page 6 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

*See id*. However, recognizing that keeping accurate mileage records may be unduly cumbersome, many courts have held that employers may reimburse a "reasonable approximation" of actual vehicle expenses. *See, e.g.*, *Cornish v. Deli Mgmt., Inc.*, Civil Action No. WMN-16-672, 2016 U.S. Dist. LEXIS 141209, at *5-6 (D. Md. Oct. 12, 2016) (quoting *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1285-86 (D. Kan. 2010)). *See also* Dep't. of Lab. Op. FLSA 2020-12, 2020 DOLWH LEXIS 21 (stating that employers are permitted to reimburse a "reasonable approximation of actual expenses incurred by the employee" so long as the employer uses an "appropriate methodology" to calculate that approximation).

Here is where an unfortunate anomaly resides in the current state of the law: it is Plaintiff's burden to demonstrate that Defendant's vehicle expense reimbursement rate was unreasonable, yet Defendant's burden to keep accurate records (on which Plaintiff's proof lies) has been abrogated by the determination that a "reasonable approximation" suffices. Thus, to prove a kickback violation, employees must prove that their vehicle expenses caused their effective hourly rates to fall below the statutory minimum without the benefit of actual mileage records. This is particularly impossible in a case such as this, where even the methodology of calculating the reimbursement is unattainable through discovery because Defendant never entered the case. Accordingly, many courts have recognized the

**Page 7 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

futility in requiring plaintiffs in the kickback context to prove a reimbursement rate was unreasonable without the benefit of a neutral, standard rate.[2]

From this context enters the IRS standard mileage rate, not as the end-all measurement of reasonableness, but as a basis on which Plaintiff may provide an estimation of vehicle expenses absent any actual data on which to rely (data that again, is not his burden to maintain). In *Hatmaker v. PJ Ohio, LLC*, the court noted that in general, "employers are not permitted to 'guess' or 'approximate' a minimum wage employee's expenses for purposes of reimbursing the expenses" because this practice "would result in some employees receiving less than minimum wage, contrary to the FLSA mandate." No. 3:17-cv-146, 2019 U.S. Dist. LEXIS 191790, at *8 (S.D. Ohio Nov. 5, 2019). The court acknowledged that maintaining accurate records of every employee's actual mileage is "cumbersome," but found that employers paying at or near the minimum wage "fault line" failed to reimburse those

---

[2]     *See, e.g., Thompson v. Seagle Pizza, Inc.*, Civil Action No. 3:20-cv-16-DJH-RSE, 2022 U.S. Dist. LEXIS 81666, at *16-17 (W.D. Ky. May 4, 2022) ("In light of these conflicting decisions, it is unclear as a legal matter what vehicle-expense reimbursement policies are adequate under the FLSA. And deciding here whether the defendants' particular reimbursement policy comports with that indeterminate legal standard would be a fact-intensive inquiry that would require construing and applying a complex scheme of regulations."); *Parker v. Battle Creek Pizza, Inc.*, No. 1:20-cv-277, 2022 U.S. Dist. LEXIS 76990, at *7 (W.D. Mich. Apr. 28, 2022) ("What is a reasonably approximate amount of vehicle expenses? Does it include fuel, depreciation, insurance, interest, registration fees, storage, and/or repairs? Is it measured by the specific costs the employee incurred? Unlike other expenses with a finite value, such as a construction tool or a uniform, vehicle expenses are difficult to calculate and contain multiple variables. . . . Telling a company to reimburse a delivery driver a 'reasonably approximate' amount for vehicle expenses amounts to no standard at all."); *Waters v. Pizza*, 538 F. Supp. 3d 785, 799 (S.D. Ohio 2021) ("The Letter simply states that pizza companies can 'approximate' expenses. Given the complexity of valuing vehicle expenses (consider depreciation, wear and tear, maintenance, financing, insurance, registration, etc.), this means virtually nothing and, as a result, is unreasonable."); *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 U.S. Dist. LEXIS 191790, at *11 (S.D. Ohio Nov. 5, 2019) ("29 C.F.R. § 531.35 does not set forth a methodology for calculating mileage rates, or provide any other guidance as to how to determine or put a value on the expenses related to operating an automobile for work.").

Page 8 of 17
Joseph DeBiasi, et al. v. Cardinal Pizza, LLC
U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT
Brief in Support of Renewed Motion for Default Judgment

actual expenses at their own risk because "when actual expenses have not been maintained, *the IRS mileage rate is used to determine minimum wage compliance*." *Id*. at *9–13 (emphasis added).

Use of the IRS rate to determine minimum wage compliance meets the remedial goals of the FLSA in providing both employees and employers with "clear rules to follow." *Id.* at *16. The rate is determined by a "neutral arbiter," the IRS, which sets the rate such that "it favors neither employers nor employees." *Id*. *17. "Employers, employees, and courts can precisely determine whether an employer is complying with the employer's minimum wage obligations" with "relatively low litigation costs." *Id*. This position is consistent with the FLSA's mandate that employers maintain records of their employees' "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). *See also Waters v. Pizza to You, LLC*, 538 F. Supp. 3d 785, 795 (S.D. Ohio 2021) ("Given that neither party disputes that the drivers' cars are 'tools of the trade,' the cost of which reduces the drivers' effective wages, employers must maintain records of those costs under either the 'wages' or 'other conditions and practices of employment' portions of Section 211(c).").

Plaintiff's use of the IRS mileage rate to prove his damages resolves the tension in basing damages off records to which Plaintiff does not have access. Because the duty to maintain accurate records lies with the employer, Plaintiff

Page 9 of 17
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

cannot provide actual expenses and therefore must rely on the IRS rate to demonstrate that Defendant's reimbursement approximation was unreasonable and resulted in an illegal kickback. *See* DOL Handbook § 30c15 (*As an enforcement policy*, the IRS *standard business mileage rate* found in IRS Publication 917, "Business Use of a Car" may be used (in lieu of actual costs and associated recordkeeping) **to determine or evaluate the employer's wage payment practices for FLSA purposes**.") (bold emphasis added).

      ii.  *The facts outlined in Plaintiff's declaration sufficiently prove his damages.*

Plaintiff's modified declaration filed in support of this Motion provides a factual basis demonstrating the extent of his damages. Plaintiff states that he was paid $4.00 per hour for his time making deliveries, and that he spent approximately 14 hours per week making deliveries. Decl. DeBiasi ¶ 4. Plaintiff received approximately $80.00 per week in tips and $82.14 per week in a mileage reimbursement. *Id*. at ¶ 5, 8. *See also* Order, p. 8 (stating that Plaintiff "provides a reasonable estimate of the amount Cardinal Pizza reimbursed him for mileage"). Accordingly, Plaintiff received roughly $15.58 per delivery hour. *Id*. at ¶ 11.

However, Plaintiff spent between $75.00 and $100.00 dollars on gas per week, at least three-quarters of which was used in making deliveries for Defendant and put between 45 and 75 miles per shift on his vehicle. *Id*. at ¶ 7, 9. Plaintiff estimates that

**Page 10 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

he made around four deliveries per hour and drove roughly seven miles (one-way) per delivery, putting 784 miles on his vehicle per week. Based on the IRS standard mileage rate, which, as outlined above, is the only mechanism available to Plaintiff to show that Defendant's reimbursement rate was unreasonable, Plaintiff put roughly $439.04 worth of wear and tear on his vehicle per week. Id. at ¶ 11.

Simple math shows that $439.04 worth of vehicle expenses amounts to an effective hourly rate of -$15.78 per delivery hour. Id. Accordingly, Defendant received an illegal kickback of more than $16.00 per hour on Plaintiff's hourly rate. Id. at ¶ 12. Because Plaintiff's tips and reimbursements were insufficient to raise his hourly rate over the statutory minimum, Defendant owes Plaintiff the full minimum wage plus the wear and tear on his vehicle such that he receives minimum wage for his hours worked. 29 U.S.C. § 203(m); 29 C.F.R. § 531.35.

2.  Plaintiff is entitled to liquidated damages.

Plaintiff is entitled to liquidated damages regarding his minimum wage judgment. When an employer is found to have violated the overtime payment requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of overtime compensation owed. 29 U.S.C. § 216. As set forth above, liquidated damages are not penal in nature, but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

Page 11 of 17
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages *only if the employer proves* "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260; *see also Klein v. Rush-Presbyterian-St. Like's Med. Ctr.*, 990 F.2d 279, 282 (7th Cir. 1993) ("The FLSA is a remedial act and exemptions from its coverage are to be narrowly construed against employers;" citations omitted); *Lorillard, Div. of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 581 n.8 (1978) (noting that liquidated damages are mandatory unless the employer can satisfy the Court that the act or omission was in good faith.).

An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Klien*, 990 F.2d at 283 ("The employer bears the burden of proving the application of an exemption," citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-98 (1974).). Liquidated damages are "the norm" where an FLSA violation is found. *Id*. Whether to award liquidated damages is a question for the

**Page 12 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

Court, not the jury. *Kanatzer v. Dolgencorp. Inc.*, 2010 U.S. Dist. LEXIS 67798 at *24 (E.D. Mo. July 8, 2010).

The FLSA directs that liquidated damages in an amount equal to any judgment awarded on a minimum wage or overtime pay violation claim be awarded if the employer fails to carry its burden of proving that it acted in good faith and with reasonable grounds for violating the FLSA.29 U.S.C. § 216(b). Because Defendant failed to meet its burden of proving that it acted in objective and subjective good faith, Plaintiff should be awarded liquidated damages equal to any amount of unpaid overtime awarded.

**B. Plaintiff has established a basis for an award of reasonable attorneys' fees and costs in the amount of $5,713.94.**

The FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be awarded a reasonable attorney's fee and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." (emphasis added); *see also Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 603 F.3d 888, 893 (11th Cir. 2010) ("The FLSA is a mandatory fee statute, and we have not recognized any exception to it.") (Wilson, J., dissenting). Congress enacted the fee-shifting provision of the FLSA "to insure

**Page 13 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Alvarez v. Catered Fit Corp.*, No. 16-62262, 2018 U.S. Dist. LEXIS 21748, at *6 (S.D. Fla. Feb. 8, 2018) (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

Because Plaintiff has established that Defendant violated the minimum wage provisions of the FLSA. Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54, Plaintiff requests that this Court accept the amounts of costs and attorney's fees incurred by Plaintiff submitted with the Plaintiff's Motion for Default Judgment.

Compensating plaintiffs' attorneys, who act as private attorneys general lending their unpaid work to society, furthers Congress's public policy goal under the FLSA, which is to protect workers from unfair labor practices. *See Medrano v. Mi Colombia Bakery, Inc.*, No. 11-23916-CIV-MOORE/TORRES, 2013 U.S. Dist. LEXIS 60135, at *3 (S.D. Fla. Jan. 10, 2013) ("Indeed, FLSA was designed to rectify and eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" (quoting 29 U.S.C. § 202(a)). In awarding fees, "[t]he relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990).

**Page 14 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

Plaintiff's counsel kept contemporaneous records of their hours worked in this case. *See* Exhibit 3, Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶ 16, 35, Exhibit A, Billing Spreadsheet. Time expended in this case included concerted efforts by Plaintiff's counsel to serve Defendant.

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Plaintiff seeks $833.90 in costs. *See* Decl. Sanford ¶ 38, Exhibit B, Costs Invoice. Costs were necessarily incurred, and the services giving rise to the costs

Page 15 of 17
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC
U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT
Brief in Support of Renewed Motion for Default Judgment**

were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 38–39. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiffs requests an award of all costs.

## VI.   CONCLUSION

Plaintiff Joseph DeBiasi respectfully requests that the Court enter judgment against the Defendants, as set forth above.

Respectfully submitted,

**JOSEPH DEBIASI, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946

*s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2020086
josh@sanfordlawfirm.com
**LEAD COUNSEL FOR PLAINTIFF**

DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
Telephone: (404) 979-3150

*s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
matthew.herrington@dcbflegal.com
**LOCAL COUNSEL FOR PLAINTIFF**

Page 16 of 17
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or U.S. Mail if non-registrants:

Cardinal Pizza, LLC
c/o Michael Hammons
84146 Lola Dr.
Diamondhead, Mississippi 39525

*/s/ Josh Sanford*
**Josh Sanford**

**Page 17 of 17**
**Joseph DeBiasi, et al. v. Cardinal Pizza, LLC**
**U.S.D.C. (M.D. Ga.) No. 5:22-cv-294-MTT**
**Brief in Support of Renewed Motion for Default Judgment**