IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH DEBIASI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL PIZZA, LLC,<br><br>Defendant. | Civil Action File No:<br>5:22-cv-294-MTT |

## SECOND RENEWED MOTION FOR DEFAULT JUDGMENT

Plaintiff Joseph DeBiasi ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Second Renewed Motion for Default Judgment ("Motion"), hereby states and alleges as follows:

1. Plaintiff filed his first Motion for Default Judgment on February 22. ECF No. 19. On June 16, this Court entered an Order denying the Motion without prejudice, stating that Plaintiff failed to demonstrate that Defendant's mileage reimbursement failed to adequately reimburse his actual expenses such that his effective wages fell below the statutory minimum. ECF No. 22.

2. Specifically, although Plaintiff provided a reasonable estimate of his mileage reimbursements, the Court could not determine that Plaintiff's wages fell

below the statutory minimum because "it is unclear what Debiasi's actual mileage expenses were." ECF No. 22, p. 8.

3. Plaintiff filed his Renewed Motion for Default Judgment seeking the same damages but included more thorough evidence regarding his mileage expenses during his employment with Defendant Cardinal Pizza, LLC ("Defendant"). ECF No. 23.

4. On September 26, 2023, this Court entered an Order denying the Motion without prejudice stating it is not plausible for Plaintiff to drive 14 miles per delivery and make 4 to 6 deliveries per hour. ECF No. 24.

5. Plaintiff now files this Second Renewed Motion for Default Judgment explaining that Plaintiff made an error in his previous calculations. Plaintiff inadvertently miscalculated the average delivery distance. Plaintiff stated the average delivery distance was 7 miles <u>one-way (14 miles round trip)</u> instead of the correct 7 miles <u>round trip</u>. ECF No. 25.

6. Plaintiff exercised due diligence in preparing its damages calculation, but the misstatement regarding the total round-trip distance was an oversight.

7. As a result of the recalculation, Plaintiff seeks a default judgment against Defendant, in the total amount of $5,656.56 plus attorney's fees and costs. *See* Declaration of Joseph DeBiasi, attached hereto as Exhibit 1.

8. Plaintiff seeks a default judgment against Defendant in the amount of $5,713.94 for attorneys' fees and costs. *See* Declaration of Josh Sanford, attached hereto as Exhibit 3.

9. Plaintiff filed his Original Complaint—Collective Action on August 10, 2022 (ECF No. 1) against Defendant Cardinal Pizza, LLC.

10. Plaintiffs served Defendant with the Complaint and Summons on September 16, 2022, as demonstrated by the Proof of Service herein. ECF No. 9.

11. Defendant's deadline for filing and serving an Answer or Motion to Dismiss was January 6, 2023, as fixed by the Court. EFC No. 13.

12. Defendant has not filed or served an Answer or Motion to Dismiss in accordance with Fed. R. Civ. P. 12(a)(1).

13. No extension for filing or serving a proper Answer or Motion to Dismiss has been granted.

14. Defendant Cardinal Pizza, LLC, is not a natural person; therefore Defendant is not in active military service, so 50 U.S.C. § 3931 is no bar to entry of a default judgment against either Defendant.

15. On January 31, 2023, this Court entered Default against Defendant.

16. Plaintiff is entitled to Judgment by default against Defendant based on the claims set forth in their Complaint, which alleged:

    a.    Defendant owns and operates Domino's franchises in Georgia ECF No. 1, at ¶ 11.

    b.    Defendant is a business subject to the FLSA because its annual gross volume of sales made or business done is at least $500,000.00, and it has at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. *Id.* at ¶¶ 12-13.

    c.    Defendant employed DeBiasi from July 2020 until December of 2020. *Id.* at ¶ 15.

    d.    Defendant determined the hours worked by Plaintiff, the manner in which he performed his job duties, and Plaintiff's schedule. *Id.* at ¶ 17.

    e.    Plaintiff worked "dual jobs." Specifically, he delivered food to food to Defendant's customers and receive tips, and he also worked inside the store completing nontipped duties. ECF No. 1, at ¶ 23.

    f.    Plaintiff was employed as an hourly-paid delivery driver, and Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA. *Id.* at ¶ 20.

    g.    Plaintiff was paid a rate at or close to minimum wage while performing duties in the store and paid less than minimum wage while making deliveries; in other words, Defendant took advantage of the "tip credit" provision of the FLSA, pursuant to 29 U.S.C. at § 203(m). *Id.* ¶ 25.

      h.      Throughout his employment, Plaintiff was required to maintain and pay for operable, safe, and legally complaint automobiles, and incur and/or pay job-related expenses that went unrecorded and unreimbursed. *Id*. at ¶¶ 27.

      i.      Defendant did not reimburse Plaintiff at the IRS standard business mileage rate, but rather reimbursed Plaintiff at a flat rate of $1.50 per delivery unless two deliveries were made during the same trip, in which case, Defendant reimburses Plaintiff and other Delivery Drivers at a flat rate per delivery at $2.00 per delivery. *Id*. at ¶¶ 33-35.

      j.      As a result of the flat rate per delivery reimbursement, Defendant has unreasonably underestimated Plaintiff's automobile expenses, causing systematic violations of the minimum wage laws. *Id*. at ¶ 33.

      k.      Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked. *Id*. at ¶ 36.

      l.      Defendant willfully violated the provisions of 29 U.S.C. §§ 206 and 207, by employing employees engaged in commerce at an hourly rate less than the federal minimum wage and by failing to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) in a week. *Id.* at ¶¶ 57-64, 65-71.

      17.      With this Motion, Plaintiff submits the following exhibits: Declaration of Joseph DeBiasi (Exhibit 1) Damages Calculations (Exhibit 2), and Declaration of

Josh Sanford (Exhibit 3). Plaintiffs also file herewith and incorporate herein a Brief in Support of Second Renewed Motion for Default Judgment.

WHEREFORE, premises considered, Plaintiff Joseph DeBiasi respectfully requests that this Court grant this Motion in full; find that Defendant violated the provisions of the Fair Labor Standards Act as alleged in Plaintiff's Complaint; enter a default judgment against Defendant in the amount of $5,656.56; award Plaintiff's counsel $5,713.94 for attorney's fees and costs; and for all other good and proper relief to which Plaintiffs may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**JOSEPH DEBIASI, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2020086
josh@sanfordlawfirm.com

**LEAD COUNSEL FOR PLAINTIFF**

        DELONG, CALDWELL, BRIDGERS,
        FITZPATRICK & BENJAMIN
        101 Marietta Street, Suite 2650
        Atlanta, Georgia 30303
        Telephone: (404) 979-3150

        *s/ Matthew W. Herrington*
        Matthew W. Herrington
        Ga. Bar No. 275411
        matthew.herrington@dcbflegal.com

        **LOCAL COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or U.S. Mail if non-registrants:

Cardinal Pizza, LLC
c/o Michael Hammons
84146 Lola Dr.
Diamondhead, Mississippi 39525

        */s/ Josh Sanford*
        **Josh Sanford**