IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSEPH DEBIASI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CARDINAL PIZZA, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action File No: <br> 5:22-cv-294-MTT |

## DECLARATION OF JOSEPH DEBIASI

I, Joseph DeBiasi, do hereby swear, affirm, and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Joseph DeBiasi, and I am over the age of 18 and duly qualified to execute this declaration.

2. I am a resident and domiciliary of the State of Georgia.

3. I was employed by Defendant Cardinal Pizza ("Defendant"), from July of 2020 until December of 2020. Defendant owns and operates Domino's franchises in Georgia and has been engaged in interstate commerce as that term is defined under the FLSA.

4. As a delivery driver, I was paid two different hourly rates for my work for Defendant. I was paid $7.25 per hour for my time spent in the pizza restaurant preparing orders and $4.00 per hour for my time spent making pizza deliveries to customers. I spent roughly 14 hours per week making deliveries.

5. I received tips as a delivery driver. I estimate that I received no more than $80.00 per week in tips, usually, and instead it was often in the $60 to $70 range.

6. I was required to use my personal vehicle to make deliveries for Defendant. This was part of the job description—I was not allowed to be a delivery driver unless I had a safe and operable personal vehicle to use in deliveries.

7. I paid for gas, insurance, maintenance, and repairs on my vehicle. Not all of this was for Defendant's benefit, I estimate that I put around 392 miles per week on my vehicle in making deliveries for Defendant. This estimate is based on an average that each delivery was around 7 miles away (round trip) and I made an average of four deliveries per hour.

8. Defendant reimbursed me at a rate of $1.50 per delivery for single deliveries, and $2.00 per delivery if I made more than one delivery in a single trip and would go up $0.50 per delivery for each subsequent delivery.

9. During my employment with Defendant, I spent between $75.00 and $100.00 per week on gas alone, at least three-quarters of which is used in making deliveries for Defendant. I know that I'm putting other wear and tear on my car in making deliveries for Defendant, such as wearing down my tires.

10. When these expenses are subtracted from my hourly delivery rate, my effective hourly rate falls below minimum wage in some workweeks.

11. For example, assuming I worked 14 hours at the delivery rate, I received $56.00[1] in base pay, $80.00 in tips and was reimbursed approximately $82.14 for mileage for the week. This makes my hourly rate $15.58[2] per delivery hour for that workweek. If I made 4 deliveries per hour and drove roughly 7 miles (roundtrip) per delivery, then I drove 392[3] miles when making deliveries during that week. Based on an average IRS mileage depreciation rate, this put $225.40[4] worth of wear and tear on my car for that period. This makes my effective hourly rate for that week -$0.52[5] per delivery hour. For clarity, that's a negative number. The expenses to my vehicle outweighed my income.

12. Defendant therefore underpaid me by about $7.77[6] per hour during my time as a delivery driver. This is equal to $108.78[7] per week, or $2,828.28 for the 26 weeks that I worked for Defendant.

13. Defendant knew that its mileage reimbursements didn't make up for the actual expenses to my car. I complained to my manager several times about the amount of gas I was buying to make deliveries, even going so far as to bring in receipts.

---

[1] This number is found as follows: 14 delivery hours x $4.00 hourly rate.
[2] This number is found as follows: ($56.00 base rate + $80.00 in tips + $82.14 reimbursement) / 14 delivery hours.
[3] This number is found as follows: 4 deliveries per hour x 14 hours x 7 miles per delivery.
[4] This number is found as follows: ((14 hours x 4 deliveries per hour) x 7 miles per delivery) x $0.575 IRS rate.
[5] This number is found as follows: ($218.14 total take-home pay - $225.40 mileage expenses) / 14 hours.
[6] Defendant owes me an hourly wage of $7.25 per hour plus $0.52 per hour in unpaid vehicle expenses.
[7] This number is found as follows: $7.77 per hour x 14 hours.

14. Defendants owe me a total of $5,656.56,[8] which is shown by a calculation of damages that is submitted as Exhibit 2. This consists of $2,828.28 in back wages for minimum wages, and under the liquidated damages provisions of the Fair Labor Standards Act, I am owed an equal amount in liquidated damages.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 4th day of October, 2023.

_____
**JOSEPH DEBIASI**

---

[8] This number is much smaller than what I sought in my initial Motions for Default due to an error in the previous calculations. Plaintiff inadvertently miscalculated the average delivery distance by calculating it as 14 miles round trip (7 miles one way) instead of 7 miles total round trip.