IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH DEBIASI, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   CIVIL ACTION NO. 5:22-cv-294 (MTT) |
| | ) |
| CARDINAL PIZZA, LLC, | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## ORDER

Plaintiff Joseph Debiasi moves for default judgment against defendant Cardinal

Pizza, LLC.  Doc. 25.  For the following reasons, that motion (Doc. 25) is **GRANTED**.

This is the third time Debiasi has moved for default judgment.  Docs. 19; 23.  The Court

denied his earlier motions because Debiasi failed to provide sufficient facts to allow the

Court to determine Debiasi's damages.  Docs. 22; 24.

## I. BACKGROUND

The allegations of the complaint, deemed admitted because of Cardinal Pizza's

default, establish these facts.  From July 2020 to December of 2020, Cardinal Pizza

employed Debiasi as a delivery driver at one of its Domino's franchises in Georgia.

Doc. 1 ¶¶ 11, 15.  Debiasi worked a "dual job" for Cardinal Pizza—he delivered food

and worked "inside the store completing nontipped duties."  *Id*. ¶ 23.  Cardinal Pizza

paid Debiasi by the hour and took "advantage of the 'tip credit' provision of the" Fair

Labor Standards Act ("FLSA"), paying Debiasi "less than minimum wage per hour" when

he was working as a delivery driver.  *Id*. ¶¶ 15, 25.  When working inside the store,

Cardinal Pizza paid Debiasi "a rate at or close to minimum wage per hour" and he was not tipped.  *Id*. ¶ 24.

Cardinal Pizza required Debiasi "to maintain and pay for [an] operable, safe, and legally compliant automobile[] to use in delivering [its] pizza and other food items."  *Id*. ¶ 27.  As a result, Debiasi "purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, [and] paid for automobile financing."  *Id*. ¶ 29.  Cardinal Pizza did not maintain records of Debiasi's expenses and thus did not reimburse Debiasi "for [his] actual expenses."  *Id*. ¶¶ 30-31.  Rather, Cardinal Pizza reimbursed Debiasi "at a flat rate per delivery at $1.50 per delivery, unless two deliveries were made during the same trip in which case [Cardinal Pizza] reimburse[d] [Debiasi] at a flat rate per delivery at $2.00 per delivery."  *Id*. ¶ 34.

On August 10, 2022, Debiasi filed suit against Cardinal Pizza alleging that its payment practices resulted in "kickbacks" in violation of FLSA's minimum wage requirements.  *Id*. ¶¶ 41, 57-64.  Cardinal Pizza entered the case on November 11, 2022.  Docs. 10; 11.  On December 5, 2022, its counsel withdrew from representation and Cardinal Pizza had until January 6, 2023 to answer or otherwise respond to Debiasi's complaint.  Docs. 12; 13.  No responsive pleading was filed.  Accordingly, default was entered against Cardinal Pizza on January 31, 2023.  The Court denied Debiasi's original and renewed motions for default judgment.  Docs. 22; 24.  On October 10, 2023, Debiasi moved once again for default judgment.  Doc. 25.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter

a party's default if that party's failure to plead or otherwise defend an action against it "is

shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a

default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that

can be made certain by computation," as long as the party is not a minor or incompetent

and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the

plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The

Court must hold an evidentiary hearing to determine damages unless all the essential

evidence is already in the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th

Cir. 2005) ("We have held that no such hearing is required where all essential evidence

is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct

hearings.").

After the Clerk's entry of default, a defendant is deemed to have admitted all

well-pleaded factual allegations in the complaint.  *Nishimatsu Const. Co., Ltd. v.

Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  However, an entry of default

against the defendant does not establish that the plaintiff is entitled to a default

judgment.  The defendant is not deemed to admit facts that are not well-pleaded or

conclusions of law.  *Id*.  "The Court must consider whether the unchallenged facts

constitute a legitimate cause of action, since the party in default does not admit a mere

conclusion of law.  In considering any default judgment, the Court must consider (1)

jurisdiction, (2) liability, and (3) damages."  *Johnson v. Rammage*, 2007 WL 2276847, at

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353,

1356 (S.D. Ga. 2004)).  The defendant is also not deemed to admit the plaintiff's

allegations relating to the amount of damages.  *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp.

865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264,

1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate

basis for any damage award it enters.").

### III. JURISDICTION

To enter a valid default judgment, the Court must have both subject matter and

personal jurisdiction.  *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); *see also*

*Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)

("When entry of default is sought against a party who has failed to plead or otherwise

defend, the district court has an affirmative duty to look into its jurisdiction both over the

subject matter and the parties.").  Because Debiasi alleges Cardinal Pizza violated

FLSA, the Court has subject matter jurisdiction over Debiasi's claims based on federal

question jurisdiction.  Doc. 1 ¶ 47; 28 U.S.C. § 1331.

Moreover, the complaint sufficiently alleges that the Court has personal

jurisdiction over Cardinal Pizza.  General jurisdiction exists whenever the defendant is

at home in the forum state.  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  Specific

jurisdiction, on the other hand, must arise out of the events or transactions underlying

the claim that form the basis of the lawsuit.  *Walden v. Fiore*, 571 U.S. 277, 283-84

(2014).  In other words, for specific jurisdiction to be proper, "the defendant must have

'purposefully availed' itself of the privilege of conducting activities—that is, purposefully

establishing contacts—in the forum state and there must be a sufficient nexus between

those contacts and the litigation." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010).  Here, Debiasi adequately alleged both general and specific jurisdiction over Cardinal Pizza.  As for general jurisdiction, Debiasi alleged Cardinal Pizza "conducts business within the State of Georgia," this business is "continuous and systematic" because Cardinal Pizza "owns and operates Domino's franchises in Georgia," and its registered agent is located in Georgia.  Doc. 1 ¶¶ 5, 10-11.  As for specific jurisdiction, Debiasi alleged "[a] substantial part of the acts complained of … were committed in and had their principal effect against" him in Georgia.  *Id.* ¶ 7.  Specifically, Debiasi alleges he was employed by Cardinal Pizza in Georgia, he made deliveries for Cardinal Pizza in Georgia, he was paid by Cardinal Pizza in Georgia, and he suffered damages as a result of Cardinal Pizza's conduct in Georgia.  *Id.* ¶¶ 15, 24, 34, 44.  In sum, the Court has both subject matter and personal jurisdiction over this case.

## IV. DISCUSSION

### A. Statute of Limitations

An action to recover unpaid minimum wages under FLSA is subject to a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).  Here, Debiasi is seeking to recover unpaid wages from July 2020 through December 2020.  Docs. 1 ¶ 15; 25-3.  He filed this action against Cardinal Pizza on August 10, 2022.  Doc. 1.  Thus, if Debiasi seeks to hold Cardinal Pizza liable for its conduct from July 1, 2020 through August 9, 2020, he must show that Cardinal Pizza willfully violated FLSA during that time.  29 U.S.C. § 255(a).

A plaintiff demonstrates a "willful violation" if he shows that the defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by" FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "An employer knowingly violates [FLSA] if he disregards the minimum wage laws deliberately or intentionally, such as by ignoring advice from a responsible official that the conduct in question is not lawful." *Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013) (cleaned up). "An employer acts with reckless disregard for [FLSA] if the employer's conduct is more than merely negligent, and is blameworthy if the employer should have inquired further into whether his conduct was in compliance with the Act, and failed to make adequate further inquiry." *Id*. (cleaned up); *see also* 5 C.F.R. § 551.104.

Debiasi testified that he told Cardinal Pizza "several times about the amount of gas [he] was buying to make deliveries, even going so far as to bring in receipts." Doc. 25-2 ¶ 13. Moreover, Debiasi alleges in his complaint that Cardinal Pizza paid him less than minimum wage, did not track his vehicle expenses, did not reimburse him for his actual—or a reasonable approximation of—vehicle expenses, "knew or should have known that it was not paying [him] … sufficient minimum wages," and it thus "has willfully failed to pay" him minimum wage. Doc. 1 ¶¶ 25, 30-31, 33, 45-46. Accordingly, Debiasi has sufficiently alleged that Cardinal Pizza willfully disregarded its obligation to pay Debiasi minimum wage and his claim for minimum wage violations between July 1, 2020 and August 9, 2020 are not barred by the statute of limitations.

## B. Cardinal Pizza's Liability

Under FLSA, "[e]very employer shall pay to each of its employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the" rate of $7.25 an hour.[2]  28 U.S.C. § 206(a)(1).  FLSA allows employers to pay "tipped employees"—"any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips"—a wage less than the minimum wage, "provided that the tips the employee receives at least make up for the difference between what the employer pays and the minimum wage." 29 U.S.C. § 203(m)(2)(A); *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1172 (11th Cir. 2021).  Cardinal Pizza took advantage of this "tip credit" provision and paid Debiasi "less than minimum wage per hour for all hours worked outside of the restaurant making deliveries."  Doc. 1 ¶ 25.

The federal regulations implementing FLSA prohibit "kickbacks" to employees. 29 C.F.R. § 531.35.[3]  That is, minimum wage must be paid "free and clear"—employers cannot be said to comply with minimum wage requirements "where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."  *Id*.  Therefore, "[e]mployers must provide workers' weekly wages 'in cash or in facilities,' 'free and clear' of improper deductions, at a rate no lower than the minimum wage rate."  *Arriage v. Fla. Pacific Farms, LLC*, 305 F.3d 1228, 1235 (11th Cir. 2002) (quoting 29 C.F.R. §

---

[2] Because Cardinal Pizza, at all relevant times, had and "has at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and who regularly used instrumentalities of interstate commerce in carry out their job duties," it is subject to FLSA's minimum wage requirements.  Doc. 1 ¶ 13.

[3] This regulation is entitled to controlling weight.  *Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972) (The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)); *see also Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984).

531.35).  "This rule prohibits any arrangement that tends to shift part of the employer's

business expense to the employees to the extent that it reduces an employee's wage

below the statutory minimum."  *Ramos-Barrientos v. Bland*, 661 F.3d 587, 594 (11th Cir.

2011).

Here, the alleged "kickbacks" to Debiasi were his vehicle expenses incurred in

delivering for Cardinal Pizza.  Docs. 1 ¶ 41; 25-1 at 6-10.  To determine whether

Cardinal Pizza violated FLSA's minimum wage requirements, the Court must determine

whether the difference between Debiasi's hourly wage and the mileage expenses

"kicked back" to him resulted in his pay falling under minimum wage.

To complete deliveries, Debiasi had to buy "gasoline, vehicle parts and fluids,

automobile repair and maintenance services, automobile insurance, [and] suffered

automobile depreciation."  Doc. 1 ¶ 29.  Cardinal Pizza reimbursed Debiasi "$1.50 per

delivery, unless two deliveries were made during the same trip in which case" Cardinal

Pizza reimbursed him $2.00 per delivery.  *Id*. ¶ 34.  The Internal Revenue Service

("IRS") standard business mileage rate for 2020 was 57.5 cents/mile.[4]  *Id*. ¶ 35; IRS,

*Standard mileage rates*, https://www.irs.gov/tax-professionals/standard-mileage-

rates#:~:text=Self%2Demployed%20and%20business%3A%2065.5,Charities%3A%201

---

[4] According to the IRS' website, the standard business mileage rate is an "optional standard mileage rate[] used to calculate the deductible costs of operating an automobile for business, charitable, medical or moving purposes."  IRS, *IRS issues standard mileage rates for 2023; business use increases 3 cents per mile*, https://www.irs.gov/newsroom/irs-issues-standard-mileage-rates-for-2023-business-use-increases-3-cents-per-mile (Jan. 24, 2024).

The Court notes that it has found no requirement that employers must reimburse their delivery drivers at the IRS standard business mileage rate.  However, as Debiasi points out, a plaintiff moving for default judgment does not have access to the defendant's records because there was no discovery.  Doc. 25-1 at 7-8.  Further, Cardinal Pizza has not objected to the Court's consideration of the IRS standard business mileage rate.  Given that Cardinal Pizza is in default, that is hardly surprising.  The point, though, is that no reason has been advanced for the Court not to consider the IRS standard business mileage rate. Accordingly, on the unique facts here, the Court concludes the IRS standard business mileage rate provides a sufficient basis to determine the extent of any underpayment.

4%20cents%2Fmile (Jan. 24, 2024).  Debiasi "drove sufficient miles per hour" to cause his pay to fall under $7.25 an hour.  Doc. 1 ¶ 44.  For example, if Debiasi drove 10 miles round trip for one delivery in one hour, Cardinal Pizza would have reimbursed him $1.50 in addition to an hourly rate below $7.25.  But using the IRS standard business mileage rate, his vehicle expenses were $5.75 for that trip (10 miles x $0.575).  Thus, assuming he was paid $7.25 an hour, his pay was under minimum wage (($7.25 + $1.50) – $5.75 = $3.00).

Because Debiasi's allegations show that these kickbacks drove his pay under $7.25 an hour, Cardinal Pizza violated FLSA.

**C. Debiasi's Damages**

For the following reasons, Debiasi is entitled to $5,656.56 in damages and $5,713.94 in attorney fees and costs.

*1. FLSA*

An employer who violates the minimum wage requirements of FLSA is "liable to the employee … affected in the amount of their unpaid minimum wages … and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(a).  Where there are no employer records, an employee can prove his damages "if he produces sufficient evidence to show the amount and extent of [his] work as a matter of just and reasonable inference."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293-94 (D.C. Cir. 1972).  Debiasi relies on his affidavit and a damages table to show his unpaid wages.  Docs. 25-2; 25-3.  The Court finds these documents sufficient to establish his damages.

Per week, Debiasi's hourly wage was $4.00, he received $80.00 in tips and $82.14 in reimbursements, and he worked fourteen hours.  Docs. 25-2 ¶ 11; 25-3.  Thus, he was paid $15.58 an hour ((($4.00 x 14) + $80.00 + $82.14) / 14).

He made four deliveries per hour, drove seven miles roundtrip per delivery, and incurred $16.10 an hour in vehicle expenses, using the 2020 IRS standard business mileage rate ((7 x 4) x $0.575).  Docs. 25-2 ¶ 11; 25-3.  These kickbacks brought his pay down to -$0.52 an hour ($15.58 - $16.10).  Thus, he was underpaid $7.77 an hour ($7.25 + $0.52) for 26 fourteen-hour weeks.  Doc. 25-3.

Accordingly, Debiasi is entitled to $2,828.28 in unpaid minimum wages (($7.77 x 14) x 26) and an equal amount in liquidated damages, equaling a total of $5,656.56 in damages.

*2. Attorney Fees*

Debiasi also seeks an award of attorney fees and costs.  Doc. 25-1 at 13-16.  Under FLSA, "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."  29 U.S.C. § 216(b).  Debiasi has presented evidence of its attorney fees and costs through an affidavit submitted by counsel.  Doc. 25-4.  In total, Debiasi seeks $5,713.94 in attorney fees and costs for hours spent litigating this case.  Docs. 25-1 at 13; 25-4 ¶ 38.  Based on the evidence, the Court finds that the fees and expenses Debiasi incurred were reasonable.  Accordingly, Debiasi is entitled to fees and costs totaling $5,713.94.

## V. CONCLUSION

For the above reasons, Debiasi's motion for default judgment (Doc. 25) is

**GRANTED**.  Debiasi is entitled to $5,656.56 in FLSA damages and $5,713.94 in

attorney fees and costs.  In sum, default judgment is entered against Cardinal Pizza

totaling $11,370.50 plus post-judgment interest as provided by law.  Failure to comply

with this order may result in sanctions including a finding of contempt.

    **SO ORDERED**, this 24th day of January, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT